```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

MARIANA BOTELLO DE LA RIVA,

       Petitioner,

v.     Case No: 2:15-cv-615-FTM-29MRM

ABEL VALDEZ SOTO,

       Respondent.

**OPINION AND ORDER**

    This matter comes before the Court on review of petitioner's Motion for Attorney Fees (Doc. #60) filed on May 11, 2016, to which respondent filed a Response (Doc. #64) on May 23, 2016.  Petitioner was granted leave to supplement, and a Memorandum to Supplement the Motion for Costs (Doc. #73) was filed on January 6, 2017.  For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

**I.**

    Petitioner's Motion, filed on May 11, 2016, requests $2,593.79 in attorney costs and fees.  (Doc. #60, ¶ 5.)  However, the Motion contained no records substantiating the requested costs.  Accordingly, on December 12, 2016, the Court found the Motion inadequate and issued an Order (Doc. #70) granting petitioner leave to supplement the Motion with records substantiating the requested costs.  On January 6, 2017, petitioner filed the Memorandum to Supplement the Motion for Costs

(Doc. #73) requesting only $686.45 because these are the only costs petitioner's counsel[1] can substantiate at this time.

## II.

Under Federal Rule of Civil Procedure 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise. Petitioner seeks recovery of costs incurred in the course of the litigation of this case from respondent pursuant to the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11607(b)(3), which provides:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

These costs are awarded to deter the unlawful removal of children and to restore the petitioner to the financial position that she would have been in prior to the unlawful removal. Hamprecht v. Hamprecht, No. 2:12-CV-125-FTM-29, 2013 WL 1155675, at *1 (M.D. Fla. Mar. 14, 2013). Furthermore, ICARA provides the Court with "broad discretion" to determine the fees, expenses, and costs incurred in the course of litigation, unless the respondent can establish that the Court's determination is "clearly

---

[1] Petitioner's original counsel no longer represents petitioner. Petitioner's current counsel has taken over the responsibility of supplementing the Motion for Attorney Fees. (Doc. #71.)

inappropriate." Id. (citing Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004)).

Respondent argues that an award granted under petitioner's Motion would be "clearly inappropriate" because the Motion contains no affidavits regarding the reasonableness of the costs, no breakdown of the costs, and because respondent is simply unable to pay. (Doc. #64, ¶¶ 4, 5, 7.) As to the last objection, although courts can reduce an award on account of financial inability, see Neves v. Neves, 637 F. Supp. 2d 322, 345 (W.D.N.C. 2009), the Court declines to do so here because respondent does not provide any evidence tending to show that he would be unable to pay the requested costs. Furthermore, petitioner now requests only a fraction of the amount requested in the Motion to which respondent raised his objections. (See Doc. #64).

Respondent's other objections are addressed by petitioner's Affidavit (Exh. A), which petitioner's counsel attached to the Memorandum to Supplement (Doc. #73). The Affidavit itemizes the requested costs, reduced to an amount that can be substantiated. The Court finds that the Affidavit is sufficient under ICARA to support petitioner's requested $686.45 in costs and expenses incurred by petitioner in the course of the litigation of this case.

Finally, the Court considers the costs requested in the supplement to be "necessary" within the meaning of ICARA — the interpreter, service of summons, and service of motion costs were

all expenses necessary to the litigation of this case. See Saldivar v. Rodela, 894 F. Supp. 2d 916, 943-44 (W.D. Tex. 2012) (finding fees for filing the action, service of summon, and compensation of interpreter used at trial necessary under ICARA).

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion for Attorney Fees (Doc. #60) is **GRANTED** in part and **DENIED** in part, as supplemented by the Memorandum to Supplement (Doc. #73) as follows:

A. The Court **GRANTS** costs and expenses in favor of petitioner in the amount of $686.45.

B. All other requested costs and fees requested in the original Motion for Attorney Fees (Doc. #60) are **DENIED**.

C. The filing fee in the amount of $400, which was temporarily waived, shall be payable by respondent to the Clerk of Court pursuant to the Court's Order (Doc. #8).

2. The Clerk shall enter judgment accordingly in favor of petitioner and against respondent.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record